**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**COVINGTON DIVISION**

THE CINCINNATI SPECIALTY          :     Case No.
UNDERWRITERS INSURANCE            :
COMPANY                           :     Judge
P.O. Box 145496                   :
Cincinnati, Ohio  45250-5496      :
                                  :
   Plaintiff,                     :
                                  :
v.                                :
                                  :     **COMPLAINT WITH JURY DEMAND**
CENTRAL KENTUCKY LODGING, INC.    :
     SERVE: Via Certified Mail    :
     BRIAN R. DODGE               :
     1987 North Broadway          :
     Lexington, KY 40505

and

NATHAN B. DODGE
     SERVE: Via Certified Mail
     4700 Pompano Lane
     Lexington, KY 40515

and

BRIAN R. DODGE
     SERVE:  Via Certified Mail
     2331 Fortune Drive, Suite 130
     Lexington, KY 40509

ADVANCED LODGING SOLUTIONS,
LLC
     SERVE: Via Certified Mail
     NATHAN DODGE
     4700 Pompano Lane
     Lexington, KY 40515

THE ESTATE OF RIMA A. ABBAS
     RANA TAYLOR
     789 Carpenter Street
     Northville, MI 48167

1

Pursuant to KRS 454.210 serve:
Secretary of State of Kentucky
P.O. Box 718
Frankfort, KY 40602-0718

and

THE ESTATE OF ISSAM ALI ABBAS
     MICHAEL ALI RIZK
     523 South Laurel Street
     Royal Oak, MI 48067

     Pursuant to KRS 454.210 serve:
     Secretary of State of Kentucky
     P.O. Box 718
     Frankfort, KY 40602-0718

and

THE ESTATES OF ALI JOSEPH ABBAS,
ISABELLA AVA ABBAS, and GISELLE
LAYLA ABBAS
     RANA TAYLOR
     789 Carpenter Street
     Northville, MI 48167

     MICHAEL ALI RIZK
     523 South Laurel Street
     Royal Oak, MI 48067

     Pursuant to KRS 454.210 serve:
     Secretary of State of Kentucky
     P.O. Box 718
     Frankfort, KY 40602-0718

Defendants.

Comes Now the Plaintiff, The Cincinnati Specialty Underwriters Insurance Company

("CSU"), by and through counsel, and for its Complaint, states and alleges as follows:

## PARTIES AND NATURE OF THE ACTION

1.      CSU is an Ohio Corporation which has its principal place of business in the State of Ohio, but is authorized to issue insurance policies within the Commonwealth of Kentucky.

2.      Upon information and belief, Central Kentucky Lodging, Inc. ("Central Kentucky") is a Kentucky Corporation with its principal place of business in the Commonwealth of Kentucky, and is a Defendant in the Underlying Litigation.

3.      Upon information and belief, Advanced Lodging Solutions, LLC is a Kentucky limited liability company with its principal place of business in the Commonwealth of Kentucky, and is a Defendant in the Underlying Litigation.

4.      Upon information and belief, Nathan Dodge is, and was at all relevant times, an individual who resides within the Commonwealth of Kentucky, and is a Defendant in the Underlying Litigation.

5.      Upon information and belief, Brian Dodge is, and was at all relevant times, an individual who resides within the Commonwealth of Kentucky, and is a Defendant in the Underlying Litigation.

6.      The Estate of Rima A. Abbas, the Estate of Issam Ali Abbas, and the Estates of Ali Joseph Abbas, Isabella Ava Abbas, and Giselle Layla Abbas (collectively referred to as "the Estates") are Plaintiffs in a pending action in the Fayette County Circuit Court of Kentucky, Case No. 19-CI-01315, in which they have asserted claims against Central Kentucky Lodging, Inc. ("the Underlying Litigation"), and therefore are interested parties in this matter.  A copy of the Fourth Amended Complaint in the Underlying Litigation is attached hereto as Exhibit A.

## JURISDICTION AND VENUE

7.     Jurisdiction and venue are proper in this Court due to the diversity of citizenship between the parties and that the amount in controversy exceeds $75,000 as required by 28 U.S.C. 1332, and the fact that the accident which is the subject of the underlying Fayette County Circuit Court matter occurred in this jurisdiction, pursuant to 28 U.S.C. 1391.

## FACTUAL ALLEGATIONS

8.     CSU issued insurance policies to Central Kentucky Lodging, Inc., Common Policies, Policy Nos. CSU0120893 (Commercial General Liability) and CSU0120895 (Commercial Excess Liability), both effective from September 15, 2018 through September 15, 2019.   The Commercial General Liability policy is attached hereto as Exhibit B and the Commercial Excess Liability policy is attached hereto as Exhibit C.

9.     The incident which is the subject of the Underlying Litigation occurred during the policy period.

10.     CSU is currently providing a defense to Central Kentucky Lodging, Inc., Nathan Dodge, and Brian Dodge in the Underlying Litigation, pursuant to the Commercial General Liability policy, subject to full and complete reservations of rights.   The CSU reservation of rights letters are attached hereto as Exhibits D, E, and F.

11.     CSU has denied Advanced Lodging Systems' request for defense and indemnification of the Underlying Litigation, under the Commercial General Liability and the Commercial Excess Liability policies. The CSU denial letter is attached hereto as Exhibit G.

12.     The pertinent terms of the Commercial General Liability insurance policy are as follows:

## COMMERCIAL GENERAL LIABILITY COVERAGE FORM

## SECTION I – COVERAGES

4

**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1.      **Insuring Agreement**

      a.      We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.  But:

          (1)      The amount we will pay for damages is limited as described in Section III – Limits of Insurance; and

          (2)      Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B. or medical expenses under Coverage C.

      No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

* * *

2.      **Exclusions**

      This insurance does not apply to:

      **a.**      **Expected or intended injury**

      "Bodily injury" or "property damage" expected or intended form the standpoint of the insured.  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

* * *

      **c.**      **Liquor Liability**

      "Bodily injury" or "property damage" for which any insured may be held liable by reason of:

      **(1)**      Causing or contributing to the intoxication of any person;

      **(2)**      The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

**(3)**     Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in:

    **(a)**     The supervision, hiring, employment, training or monitoring of others by that insured; or

    **(b)**     Providing or failing to provide transportation with respect to any person that may be under the influence of alcohol;

if the "occurrence" which caused the "bodily injury" or "property damage", involved that which is described in Paragraph **(1), (2)** or **(3)** above.

However, this exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.  For the purposes of this exclusion, permitting a person to bring alcoholic beverages on your premises, for consumption on your premises, whether or not a fee is charged or a license is required for such activity, is not by itself considered the business of selling, serving or furnishing alcoholic beverages.

\* \* \*

**SECTION V – DEFINITIONS**

\* \* \*

**3.**     "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \*

**16.**     "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \*

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**CHANGES TO COMMERCIAL GENERAL LIABILITY
COVERAGE FORM
(CSGA 401 02 13)**

This endorsement modifies insurance provided under the following:

### COMMERCIAL GENERAL LIABILITY COVERAGE FORM

* * *

### EXCLUSION – PUNITIVE OR EXEMPLARY DAMAGES

**A.**    The following exclusion is added to Paragraph **2., Exclusion of Section I – Coverage A – Bodily Injury and Property Damage Liability** and Paragraph **2., Exclusions** of **Section I – Coverage B – Personal and Advertising Injury Liability:**

**2.**    **Exclusions**

This insurance does not apply to:

Any claim of indemnification for punitive or exemplary damages.  If a suit is brought against any insured for a claim covered by this Coverage Part, seeking both compensatory and punitive or exemplary damages, we will provide a defense to such action.  However, we will not have an obligation to pay for any costs, interest, or damages, attributable to punitive or exemplary damages.  If state law provides for statutory multiple damage awards, we will pay only the amount of the award before the multiplier is added.

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

### AMENDMENT OF LIQUOR LIABILITY EXCLUSION
### CG 21 50 04 13

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following replaces Exclusion **c.** under Paragraph **2. Exclusions of Section I – Coverage A – Bodily Injury and Property Damage Liability:**

**2.**    **Exclusions**

This insurance does not apply to:

**c.**    **Liquor Liability**

"Bodily injury" or "property damage" for which any insured may be held liable by reason of:

**(1)**    Causing or contributing to the intoxication of any person, including causing or contributing to the intoxication of any person because alcoholic

beverages were permitted to be brought on your premises, for consumption on your premises;

**(2)** The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

**(3)** Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in:

**(a)** The supervision, hiring, employment, training or monitoring of others by that insured; or

**(b)** Providing or failing to provide transportation with respect to any person that may be under the influence of alcohol;

If the "occurrence" which caused the "bodily injury" or "property damage", involved that which is described in Paragraph **(1), (2)** or **(3)** above.

This exclusion applies only if you:

**(1)** Manufacture, sell or distribute alcoholic beverages;

**(2)** Serve or furnish alcoholic beverages for a charge whether or not such activity:

**(a)** Requires a license;

**(b)** Is for the purpose of financial gain or livelihood;

**(3)** Serve or furnish alcoholic beverages without a charge, if a license is required for such activity; or

**(4)** Permit any person to bring any alcoholic beverages on your premises, for consumption on your premises.

\* \* \*

13.   The pertinent terms of the Commercial Excess Liability insurance policy are as follows:

**COMMERCIAL EXCESS LIABILITY COVERAGE FORM**

8

CSCX 100 02 13

\* \* \*

## SECTION I – COVERAGES

1.      **Insuring Agreement**

      **a.**      We will pay on behalf of the insured, except as stated in this Coverage Part, those sums in excess of the "retained limits" any insured becomes legally obligated to pay as damages to which insurance provided under this Coverage Part applies.

\* \* \*

2.      **Exclusions**

The following exclusions, and any other exclusions added by endorsement, apply to this Coverage Part.   The exclusions applicable to any "controlling underlying insurance" apply to this insurance unless superseded by the following exclusions, or superseded by any other exclusions added by endorsement to this Coverage Part.

Insurance provided under this Coverage Part does not apply to:

\* \* \*

      **f.**      **Fines, Penalties, Punitive, Exemplary, Multiplied or Uninsurable Damages**

        **(1)**      Civil or criminal fines or penalties imposed by law;
        **(2)**      Punitive or exemplary damages;
        **(3)**      The multiplied portion of multiplied damages;

\* \* \*

3.      **Defense**

      **a.**      We have no duty to defend any insured or participate in the settlement or defense of any claim, suit or proceedings.

\* \* \*

## SECTION IV – DEFINITIONS

Except as otherwise defined in this Coverage Part or in any endorsement to this Coverage Part, the definition of terms and phrases contained in this Coverage Part and any endorsements will be the same as those terms and phases are defined in the "controlling underlying insurance".

1.      "Controlling underlying insurance" means any policy of insurance or self-insurance listed as such in our Schedule of Controlling Underlying Insurance.

* * *

## COUNT I – DECLARATORY JUDGMENT

14.     CSU incorporates by reference as if fully rewritten herein all allegations set forth above.

15.     A dispute exists between CSU, Central Kentucky Lodging, Advanced Lodging Solutions, Nathan Dodge, Brian Dodge, and the Estates as to whether CSU is obligated to defend and/or indemnify Central Kentucky Lodging, Advanced Lodging Solutions, Nathan Dodge, Brian Dodge for the claims asserted against them in the Underlying Litigation.

16.     The Policies' Insuring Agreements, exclusions, endorsements, who is an insured language, definitions, terms and conditions, in light of the factual and legal allegations of the Underlying Litigation, are such that no coverage is provided to Central Kentucky Lodging, Advanced Lodging Solutions, Nathan Dodge, and/or Brian Dodge for allegations asserted against them in the Underlying Litigation.

17.     CSU requests and is entitled to a Declaration by this Court, pursuant to 28 U.S.C. §2201 and Rule 57 of the Federal Rules of Civil Procedure, declaring the rights, duties and obligations of CSU pursuant to the above-referenced insurance policies, and specifically declaring that CSU is not obligated to defend or indemnify Central Kentucky Lodging, Advanced Lodging Solutions, Nathan Dodge, and/or Brian Dodge for the claims asserted against them in the Underlying Litigation.

WHEREFORE, Plaintiff, The Cincinnati Specialty Underwriters Insurance Company requests judgment declaring that it is not obligated to provide defense and/or indemnification to Central Kentucky Lodging, Inc., Advanced Lodging Solutions, Nathan Dodge, and Brian Dodge

for the claims asserted against them in the Underlying Litigation; for its costs and expenses incurred herein including reasonable attorneys fees; and any such other and further relief as the Court may deem just and reasonable.

Respectfully submitted,

**KOHNEN & PATTON, LLP**

/s/ Kimberly A. Kyle
Kimberly A. Kyle (88781)
201 East Fifth Street, Suite 800
Cincinnati, OH 45202
Phone: (513) 381-0656
Fax: (513) 381-5823
E-Mail: kkyle@kplaw.com
*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all matters for which a jury trial is available.

/s/ Kimberly A. Kyle

4841-4135-0590 v.1.docx  :CINTI.44247

11